354 P.2d 578

Dean **ALLEN** and **Gifford Allen,**
**Plaintiffs and Appellants,**

v.

**RADIUM KING MINES, INC.,** a Colorado Corporation, **Ula Uranium, Inc.,** a Colorado Corporation, et al., **Defendants and Respondents.**

No. 9194.

Supreme Court of Utah.

July 21, 1960.

Harry E. Snow, Moab, for appellants.

Dayton Denious, Denver, Colo., McKay & Burton, Macoy A. McMurray, Salt Lake City, for respondents.

HENRIOD, Justice.

Appeal from a judgment quieting title to mining claims in defendants. Affirmed with costs to defendants.

Although plaintiffs urge on appeal that this was an action for unlawful eviction, their complaint primarily sounds in quiet title with prayer for return of alleged possession, as an adjunct thereto.

The matter was tried to the court without a jury, and he thereby became the arbiter of the facts. There was sufficient

competent, believable evidence substantiating the court's findings, conclusions and judgment, as to invoke the rule that under such circumstances the judgment will be affirmed. A recitation of the facts found in the voluminous record, most favorable to the defendants' contentions, would serve no useful purpose save as a chronicle of the differences between the litigants here, of which the litigants already are aware.

The plaintiffs contend that 1) they should be protected in the possession of the disputed property; 2) that their claims are superior to those of the defendants and 3) that defendants' amendment to their claims must be treated as new locations and inferior to plaintiffs' claims in point of time.

As to 1): Since the court found plaintiffs' claims not to have been legally located,[1] possession becomes no factor and needs no discussion here. The other contentions made on appeal must be canvassed in light of the facts adduced, which the court as fact finder said preponderated in favor of establishing the superiority of defendants' title. Two significant facts, coupled with many others, lend substance to the correctness of the trial court's decision: 1) The defendants' claims were located originally two years before plaintiffs' and 2) every year thereafter the defendants performed necessary statutory assessment work and recorded that fact each year at the County Recorder's Office. Such set of circumstances evinces an intention on the part of defendants to claim the mining property, evidences continued possession thereof by defendants and serves to apprise anyone who has in mind locating at the same place of the rights claimed by defendants.

CROCKETT, C. J., and WADE and CALLISTER, JJ., concur.

McDONOUGH, J., does not participate.

1. Sec. 40-1-3, Utah Code Annotated, 1953.